UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-39-RJC

| | |
|---|---|
| BRANDON LEON WILSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CLEVELAND COUNTY )<br>SHERIFF'S DEPARTMENT, )<br>)<br>Defendant. )<br>) | ORDER |

**THIS MATTER** is before the Court on an initial review of Plaintiff's Complaint brought pursuant to 42 U.S.C. § 1983, (Doc. No. 1); Plaintiff's Motion to Appoint Counsel, (Doc. No. 7), and Plaintiff's Motion for Service of Process at the Government's Expense. (Doc. No. 11).

**I.  BACKGROUND**

In his Complaint, Plaintiff alleges that his civil rights have been violated because of Defendant's "lock down method" whereby Defendant intermittently over the last four years, removed Plaintiff's mattress for 12 hours a day, "leaving [Plaintiff] a steel bunk to lay on which has caused" him physical and mental anguish. (Id. at 4). Plaintiff prays for damages for $3,700 for the mental anguish for each day his mattress was removed; $1,000 per day to pay for therapy; and $87,000.00 for the back injuries he allegedly suffered. (Id.). Plaintiff explains that he presented a handwritten grievance contesting the "lock down" and that he appealed an "adverse decision" but his grievance was never answered. Plaintiff states that he "spoke to the Sheriff himself [and] he [is] the one [that] told me that having a mattress was a privilege, not a right." (Id. at 2).

1

## II.     STANDARD OF REVIEW

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga Univ. v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Allegations in a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).

Courts are directed to conduct an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. Upon such review, courts must identify cognizable claims or dismiss the complaint, or parts thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Frivolous complaints are those that are based on "inarguable legal conclusion[s]" or "fanciful factual allegation[s]." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (examining identical language of predecessor statute to § 1915A). However, the Court may not dismiss a claim as frivolous just because it would be dismissed under Rule 12(b)(6), id. at 328, or because it finds the plaintiff's factual allegations to be "unlikely." Denton v. Hernandez, 504 U.S. 25, 33 (1992). Instead, a dismissed suit must be the kind of suit that "paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke, 490 U.S. at 327. A claim is factually frivolous if it depicts "fantastic or delusional scenarios," id. at 328, or where "the facts alleged rise to the level of the irrational or the wholly incredible." Denton, 504 U.S. at 33.

**III. DISCUSSION**

    A.    <u>Plaintiff's Application to Proceed Without Prepayment of Costs or Fees</u>

The Court has examined Plaintiff's Application, (Doc. No. 1-2), and finds that he should be allowed to proceed without prepayment of costs or fees for the purpose of this initial review of his Complaint.

    B.    <u>Plaintiff's Motion to Appoint Counsel</u>

Plaintiff moves the Court for an Order appointing counsel to represent him in this civil action. (Doc. No. 7). Plaintiff explains that he is indigent and cannot afford counsel; that his incarceration will greatly limit his ability to prosecute his case; and that counsel would be better able to assist him in presenting evidence. (<u>Id.</u> at 1). The Court will deny this motion for the reasons stated below.

A civil litigant does not have a constitutional right to counsel. <u>See</u> <u>Whisenant v. Yuam</u>, 739 F.2d 160, 163 (4th Cir. 1984), <u>abrogated in part on other grounds by Mallard v. U.S. Dist. Ct. of Iowa</u>, 490 U.S. 296, 298 (1989) (noting that 28 U.S.C. § 1915 does not authorize the compulsory appointment of counsel); <u>Bowman v. White</u>, 388 F.2d 756, 761 (4th Cir. 1968) (noting that obtaining the assistance of counsel in a civil case "is a privilege not a right"). Rather, pursuant to 28 U.S.C. § 1915(e)(1), the Court has discretion to request the assistance of an attorney for an indigent person in a civil case. In order to warrant the Court's exercise of this discretion, the litigant must demonstrate the existence of exceptional circumstances. <u>Whisenant</u>, 739 F.2d at 163. The existence of exceptional circumstances depends upon "'the type and complexity of the case, and the abilities of the individuals bringing it.'" <u>Id.</u> (quoting <u>Branch v. Cole</u>, 686 F.2d 264, 266 (5th Cir. 1982)). A plaintiff can show exceptional circumstances by demonstrating that he "has a colorable claim but lacks the capacity to present it." <u>Gordon v.</u>

Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978).

Plaintiff has failed to show exceptional circumstances to support his request for counsel. First, the Court cannot find at this stage that Plaintiff's case would even proceed to an evidentiary hearing. Second, Plaintiff has been able to fairly articulate his case up to this point, as evidenced by his filing of three declarations from fellow inmates which address the allegations he raises in his Complaint. See (Doc. Nos. 8; 9). The Court finds that Plaintiff is capable of presenting his case and his motion for counsel will be denied. The Court will proceed with its initial review of Plaintiff's Complaint.

C.  Plaintiff's Complaint

Plaintiff contends in this Section 1983 action that his rights are being violated because of an alleged action of the Defendant. Namely, that during "lockdown" in the jail, his mattress is intermittently removed from his cell for up to twelve (12) hours at a time. Because Plaintiff has failed to allege a deprivation which is protected by federal statutory or constitutional law, his Complaint must be dismissed. 28 U.S.C. § 1915A(b)(1).

To state a cause of action under Section 1983, the plaintiff must allege that (1) the defendant was responsible for an act or omission which deprived him of a constitutional right or privilege, and (2) the act or omission was committed by a person acting under color of state law. See Maine, supra.[1] The Supreme Court recognizes that an inmate may challenge the conditions of his confinement. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). In order to properly support

---

[1] Although Plaintiff's Complaint does not specifically allege an Eighth Amendment claim by name, his Complaint does contend that Defendant's "lockdown procedure was illegal & unconstitutional." (Doc. No. 1 at 2). The Court will consider Plaintiff's Section 1983 claim as one arising under the Eighth Amendment's prohibition of cruel and unusual punishment of a prisoner by a state actor.

his claim, the Supreme Court "cases have held that a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities.'" Id. (quoting Rhodes, 452 U.S. at 347). Put simply, "the Constitution does not mandate comfortable prisons." Rhodes, 452 U.S. at 349. "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes, 452 U.S. at 347. "No static 'test' can exist by which courts determine whether conditions of confinement are cruel and unusual, for the Eighth Amendment 'must draw its meaning from the evolving standards of decency that mark the progress of a maturing society.'" Rhodes, 452 U.S. at 346 (quoting Trop v. Dulles 356 U.S. 86, 101 (1958) (plurality opinion)).

Although Plaintiff does not use the word "punishment" to describe the mattress deprivation, the Court can fairly characterize Plaintiff's opinion of this procedure as punishment. "'[T]he Constitution contemplates that in the end [a court's] own judgment will be brought to bear on the question of the acceptability' of a given punishment." Rhodes, 452 U.S. at 346 (quoting Coker v. Georgia, 433 U.S. 584, 597 (1977)). This judgment "should be informed by objective factors to the maximum extent possible." Rummel v. Estelle, 445 U.S. 263, 274-75 (1980) (quoting Coker, 433 U.S. at 597). In order for prison conditions to reach the status of unconstitutional punishment, "'there must be evidence of a serious medical and emotional deterioration attributable' to the challenged condition." Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990) (quoting Shrader v. White, 761 F.2d 975, 979 (4th Cir. 1985)).

Plaintiff does not provide sufficient allegations to support his claim that the temporary removal of his mattress rises to a level that is actionable in his Section 1983 claim against Defendant. For instance, Plaintiff contends that after his mattress is carried off for 12-hours by the Defendant he is left with "a steel bunk to lay on which has caused health problems both mental & physical." (Doc. No. 1 at 4). However, Plaintiff does not explain why he must cast himself down onto a steel bunk during this 12-hour time frame of alleged mattress deprivation. There are simply no allegations that Plaintiff is forced to lay on the steel bunk during the day at all. Plaintiff does not contend that his bedding, sheets, pillows, etc., are likewise removed for 12-hours during the day and there is no explanation why, if Plaintiff must lay down to rest during this 12-hour time frame, that he could not make a pallet on the floor. See Colin v. Thaler, 347 F. App'x 983, 984 (5th Cir. 2009) (unpublished) (citing Rhodes in support of upholding trial court's dismissal of plaintiff's complaint which alleged the "mere discomfort" he felt in sleeping on mattress and finding this claim was insufficient to support an Eight Amendment claim regarding uncomfortable mattress); see also Thompson v. Patterson, No. 9:10-2381, 2011 WL 5024344, at *6 (D.S.C. July 14, 2011) (finding no constitutional violation in allegation that prisoner was denied a mattress for up to two months); Mosely v. Bishop, 2009 WL 1564778, at *5-6 (S.D. Ala. June 1, 2009) ((citing Williams v. Delo, 49 F.3d 442, 446 (8th Cir. 1995) (no absolute right under the Eighth Amendment to be placed in a cell with bedding)); Fisher v. Ellegood, 238 F. App'x 428, 433 (11th Cir. 2007) (conditions requiring an inmate to sleep on the floor of cell for five days during periods of overcrowded prison does not rise Eighth Amendment violation). In sum, Plaintiff has failed to show that the temporary, intermittent removal of his mattress during the day supports a constitutional or statutory violation which is actionable in a Section 1983 claim.

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim for relief. 28 U.S.C. § 1915A(b)(1).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 1-2), is **GRANTED** for the limited purpose of initial review of his Complaint.

2. Plaintiff's Motion to Appoint Counsel, (Doc. No. 7), is **DENIED**.

3. Plaintiff's Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Signed: June 7, 2012

Robert J. Conrad, Jr.
Chief United States District Judge